In the Matter of the Claim of RALPH DECAPRIO against
GENERAL ELECTRIC COMPANY, Respondent.

STATE INDUSTRIAL BOARD, Appellant.

**Workmen's compensation — claim for loss of eyesight from
injury — extent of loss of vision a question of fact.**

Until the Legislature or State Industrial Board establishes a proper
standard method of determining loss of visual efficiency it must
remain one of fact in proceedings under the Workmen's Compensation
Law.

*Matter of DeCaprio* v. *General Electric Co.*, 218 App. Div. 310,
reversed.

(Argued February 21, 1927; decided March 1, 1927.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the third judicial depart-
ment, entered November 29, 1926, reversing an award of
the State Industrial Board made under the Workmen's
Compensation Law (Cons. Laws, ch. 67), and remitting
the claim.

The following question was certified:

" Was there any evidence in the record upon which the
State Industrial Board had jurisdiction to make a finding
of fact of permanent loss of 80% of useful vision of the
right eye, and following that an award for the total loss
of useful vision of said right eye? "

*Albert Ottinger,* Attorney-General (*E. C. Aiken* of
counsel), for appellant.

*F. J. Young* and *R. D. Moot* for respondent.

*Per Curiam.* The question is whether any standard
method of determining loss of visual efficiency has been
so established as to make all others erroneous as matter of
law or whether a difference of opinion may exist among
experts as to the proper interpretation of recognized
tests.

We are unable to say that Dr. Acheson's interpretation of the Snellen test is erroneous as matter of law although he finds 80 percentage of loss of vision when the American Medical Association would read his formula as indicating only 51.1 percentage of loss of vision.

Until the Legislature or the State Industrial Board establishes a proper standard method of determining the question it must remain one of fact. The weight of authority doubtless inclines to the rules adopted by the American Medical Association.

The order appealed from should be reversed and the award of the State Industrial Board affirmed, with costs in this court and in the Appellate Division, and the question certified answered in the affirmative.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and O'BRIEN, JJ., concur; ANDREWS and KELLOGG, JJ., not sitting.

Ordered accordingly.