■ In the Matter of the Claim of LEON STEWART, Respondent, v. LEVCO METAL FINISHERS, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J. Appeal by the Special Disability Fund from a decision of the Workmen's Compensation Board, filed May 1, 1968. In 1965 the claimant suffered an

industrial accident which resulted in a 100% loss of vision in his left eye. The claimant had a pre-existing impairment of vision in his right eye as the result of a childhood accident. The shortened record upon this appeal contains medical reports as to the vision in the right eye of claimant upon examinations following the 1965 accident which show a vision ranging from 20/400 to 20/50 with corrective lenses. The board's examining physician found that on December 14, 1966 the claimant's corrected vision was 20/100 and on January 26, 1967 that the vision in the right eye was 20/70-2 with glasses. The appellant contends that because the vision in the right eye was 20/70-2 in 1967, the claimant cannot be said to have had at least an 80% loss of vision in that eye prior to the industrial accident and that, accordingly, an award may not be made against the Special Disability Fund pursuant to section 15 (subd. 8, par. [c]) of the Workmen's Compensation Law. *Matter of De Caprio v. General Elec. Co.* (244 N. Y. 500) established that whether there has been an 80% loss of vision is a question of fact. The appellant did not request that the matter be put on the calendar for further medical testimony but instead chose to rest upon the record before the board. There was no medical testimony, but upon all of the reports contained in the present record the board did have substantial evidence to support its finding that "claimant had preexisting industrial blindness in his right eye". (See *Matter of Loomis v. Lawyers Coop. Pub. Co.*, 282 App. Div. 1081, mot. for lv. to app. den. 306 N. Y. 984.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.